*MATHEWS vs. HEIRS OF DE LARONDE.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action for work and labour, done on the plantation of the ancestor of defendants. The general issue, and prescription, are pleaded. The court of the first in-

After defendants have joined in their answer, they cannot be permitted to sever in their defence.

Eastern District.
*January*, 1830.

Mathews
*vs.*
Heirs of De
Larond.

stance gave judgment for the plaintiff, and the defendants appealed.

The plea of prescription, does not appear to us to be sustained by the proof. One of the witnesses swears, the service of the plaintiff continued up to December, 1823; and citation was served, 24th November, 1824.

After the defendants had filed a joint answer, they prayed the court to permit them to sever in their defence. The avowed object for the change, was to obtain the benefit of the testimony of the father, and husband of two of the heirs. The court refused them permission to do so, and rejected this testimony. The defendants excepted.

The judge did not err, in rejecting the evidence: as the heirs at first pleaded jointly, they were all liable *in solido*, for the costs, up to the time of severance, consequently, the wife and child of the witness were interested in throwing these costs on the plaintiffs.

On the merits, we are unable to say, the court below drew a wrong conclusion.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Slidell* for the plaintiff, *McCaleb* for the defendants.